UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | : | |
|---|---|---|
| FRANK MARTENEY, | : | |
| | : | CASE NO. 5:08-cv-2513 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 3.] |
| LAMBERT BUICK, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Lambert Buick, Inc. moves this Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) saying that Ohio's Savings Statute, Ohio Revised Code § 2305.19, bars Plaintiff Marteney's claims because he has failed to refile this action within one year after voluntary dismissal. [Docs. 3, 10-1.] Plaintiff Marteney responds saying that, when the parties had previously agreed to voluntary dismissal under Federal Rule of Civil Procedure 41(a), Defendant Lambert Buick agreed that it would not raise a statute of limitations defense on refiling. [Doc. 8.] In resolving this motion to dismiss, this Court must decide whether Ohio's Savings Statute is an affirmative defense requiring dismissal here.

For the reasons stated below, this Court **DENIES** Defendant's motion to dismiss.

**I. Background Facts and Procedure**

Because Lambert Buick's motion to dismiss says that this Court should dismiss Plaintiff Marteney's because it is untimely, this Court will first outline the timing of this twice-filed Complaint.

Case No. 5:08-cv-2513
Gwin, J.

On December 24, 2004, Defendant Lambert Buick terminated Plaintiff Marteney. A little more than one month later, on February 8, 2005, Marteney filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") saying that Lambert Buick terminated him because of his age. [Doc. 1-2, Ex. 1 at 1.] Then, on March 30, 2006, the EEOC issued Marteney a right-to-sue letter. [Doc. 1-2, Ex. 1 at 4.]

Around one week after the EEOC sent Marteney the right-to-sue letter, on April 7, 2006, Marteney sued in this Court alleging that his termination was the result of age discrimination in violation of both Ohio Revised Code section 4112.14 and the Age Discrimination in Employment Act ("ADEA"). [06-cv-827 Doc. 1-1.] On November 29, 2006, after Defendant Lambert Buick had filed an answer, [06-cv-827 Doc. 3,] this Court approved the parties jointly stipulated dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(ii), [06-cv-827 Doc. 14.] The Court-approved stipulated dismissal did not contain any limitations or conditions on either party related to refiling the action. [06-cv-827 Doc. 14.]

In an affidavit attached to its reply brief, Defendant Marteney Buick's attorney William Scully admits that, at the time of the stipulated dismissal, the parties agreed that Defendant "would not raise a statute of limitations defense to either count of the Complaint at the time of refiling." [Doc. 10-2 at 1.] Affiant Scully also admits that the parties agreed to continue discovery until the refiling of the Complaint. [Doc. 10-2 at 1.] But, Scully says, "[i]t was never my intention that the one-year filing requirement of the savings statute would be waived. It was always my expectation that [P]laintiff would be required to refile within one year." [Doc. 10-2 at 2.]

**II. Motion to Dismiss**

*II.A. Legal Standard Governing a Motion to Dismiss*

Case No. 5:08-cv-2513
Gwin, J.

In deciding a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in a light most favorable to the plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Technologies, Inc*, 520 F.3d 516, 519 (6th Cir 2008) (citations omitted). Viewing the complaint under this standard, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.* (citations and internal quotations omitted).

In resolving a motion to dismiss a court must confine its review to the matters in the pleadings. FED. R. CIV. P. 12(d). If a court reviews matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." *Id.* Because this litigation is at a very early stage, this Court will not treat this motion as a motion for summary judgment. Accordingly, this Court will exclude the materials extrinsic to the pleadings.[1]

II.B.    *Analysis of Motion to Dismiss*

Defendant Lambert Buick "based [its motion to dismiss] on [P]laintiff's failure to refile the Complaint within one year of the stipulated dismissal of the plaintiff's original Complaint, as required by the Ohio Savings Statute." [Doc. 10-1 at 1.] Although Defendant Lambert Buick makes cursory mention of the statute of limitations on Plaintiff's claims, it did not base its motion to dismiss on the statute of limitations. [*See* Doc. 10-1 at 1-3.][2]

---

[1] The Court will therefore not address the meaning of the parties agreement on the statute of limitations except to note that such agreements are certainly permissible. *See* 9 WRIGHT & MILLER § 2366 (noting that the Court has the power to impose conditions on dismissal under Federal Rule 41(a)(2) and that "the parties are free to negotiate the conditions on which they agree to a stipulation" under Rule 41(a)(1)").

[2] The Court declines to consider materials submitted outside of the pleadings and therefore the agreement related to voluntary dismissal and its meaning are not properly before this Court. Because, on its face, Plaintiff has
(continued...)

-3-

Case No. 5:08-cv-2513
Gwin, J.

The Ohio Savings Statute, O.R.C. § 2305.19, says that

> [i]n any action that is commenced . . . , if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

O.R.C. § 2305.19. Defendant Lambert Buick says that this statute is "not a statute of limitations and is not a tolling statute extending the period of a statute of limitations." [Doc. 10-1 at 2 (citing *Reese v. Ohio State University Hospitals*, 451 N.E.2d 1196 (Ohio 1983)).]

In *Reese*, the Ohio Supreme Court decided whether the Savings Statute conflicted with a statute of limitations applicable in Ohio's Court of Claims. 451 N.E.2d at 1197. Ohio Revised Code section 2743.16 generally imposed a two-year statute of limitations on cases in the Court of Claims. The Ohio Supreme Court held that the Savings Statute was applicable to suits in the Court of Claims and did not conflict with the applicable statute of limitations because "the [S]avings [S]tatute[] is not a statute of limitations [nor] a tolling statute extending the statute of limitations." *Id.* at 1198. While Defendant Lambert Buick correctly describes the holding in *Reese*, [Doc. 10-1 at 2,] nothing in that case suggests that the Savings Statute imposes strict timing requirements when a defendant has not raised a statute-of-limitations defense.

Rather, Ohio's Savings Statute is a "remedial statute," and "should be construed liberally so that cases may be decided upon their merit, rather than upon technicalities or procedure." *Kreiger v. Cleveland Indians Baseball Co.*, 892 N.E.2d 461, 472 (Ohio App. 2008). Rather than being an affirmative defense, the savings statute provides a plaintiff a means to refile a claim after the

---

²/(...continued)
brought this suit long after the expiration of his right-to-sue letter without explanation, Plaintiff should amend the Complaint to reflect his understanding of the statute-of-limitations agreement.

-4-

Case No. 5:08-cv-2513
Gwin, J.

applicable statute of limitations would have normally run. O.R.C. § 2305.19.[3] The Savings Statute imposes no additional time limitations on a plaintiff's claim when a defendant has not raised a statute-of-limitations defense.

### III. Conclusion

For the reasons stated above, this Court **DENIES** Defendant Lambert Buick's motion to dismiss.

IT IS SO ORDERED.

Dated: March 18, 2009  s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[3] The parties appear to have some dispute on the meaning of their statute-of-limitations agreement. This Court declines to resolve this disagreement by considering materials outside the pleadings at this Rule 12(b)(6) stage of the litigation. This does not foreclose Defendant Lambert Buick from later asserting that their agreement on refiling only meant to allow Plaintiff Marteney one year to refile.

-5-